\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BARBARA MARSHALL, et al., § | |
| § | |
| *Appellants,* § | |
| § | CIVIL ACTION No. 4:17-cv-405 |
| v. § | |
| § | JUDGE RON CLARK |
| BILL GURLEY, et al., § | |
| § | |
| *Appellees*. § | |

## **MEMORANDUM AND ORDER**

Before the court Appellants Barbara Marshall, LP; North Ponderosa, LLC; and David McKinnon's (collectively, "Appellants") Motion to Supplement Record on Appeal with Four Page Excerpt from Hearing on June 27, 2016 (Dkt. # 31) and Appellee Mark W. Weisbart's ("Appellee") Motion to Strike Supplemental Record (Dkt. # 33).

Appellants seek to supplement the record on appeal, pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(2)(C), with a four-page excerpt ("the Excerpt") from a hearing on June 27, 2016, regarding Bill Gurley and Stanley W. Wright's (collectively, "Movants") motion to reopen the case. The Excerpt shows that during the hearing, Exhibit 16, described as the "Electronic Record on Appeal [Cause No. DC-15-13561]," was offered and admitted into evidence. (Dkt. # 8-1, at 95). Exhibit 16 consists of the entire record from the underlying state court trial, which Appellants contend was designated but inadvertently omitted from the record on appeal. (Dkt. # 8-6, at 6). Appellants eventually filed Exhibit 16 as the Bench Trial Reporter's Record (Dkt. # 27) and the Clerk's Record (Dkt. # 28) (collectively, "the Supplemental Record")

on October 3, 2017. Appellee opposes supplementation of the record with the Excerpt and moved to strike the Supplemental Record. (Dkt. #s 32, 33).

## ANALYSIS

An appellant bears the burden of providing a complete record on appeal. FED. R. BANKR. P. 8009; *In re CPDC, Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). "The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC, Inc.*, 221 F.3d at 698. A party may supplement the record with items that are material to either party and omitted from the record by error or accident. FED. R. BANKR. P. 8009(e); *In re Digerati Techs., Inc.*, 531 B.R. 654, 666 (Bankr. S.D. Tex. 2015).

**A.     The Excerpt cannot be supplemented pursuant to Bankruptcy Rule 8009(e).**

Appellants insist that the Excerpt is material because it shows that the Supplemental Record was admitted during the hearing. Appellee opposes supplementation by the Excerpt pursuant to Rule 8009(e) because (1) the Excerpt pertains to a hearing on a separate matter—the motion to reopen the bankruptcy proceeding—and therefore is not material to the matter on appeal; and (2) Appellants chose to omit the Excerpt when they designated the record on appeal. Moreover, Appellee objects to Appellants' attempt to use the Excerpt to bring in the Supplemental Record.

Having reviewed the Excerpt and the arguments of the parties, the court agrees that the Excerpt is not material. Thus, even if the Excerpt was inadvertently omitted from the record, Appellants cannot rely on Rule 8009(e) to now include it in the record.

**B.     The Supplemental Record was not part of the appellate record.**

Appellee seeks to strike the Supplemental Record because (1) it was not designated as part of the appellate record; (2) inclusion of the Supplemental Record is unduly prejudicial to Appellee,

who completed briefing based on the designated record on appeal; (3) Appellants never obtained leave to supplement the record with the Supplemental Record, so Appellee was never able to raise objections based on Rule 8009(e); and (4) the Supplemental Record is not material in this appeal.

Appellants claim that the Supplemental Record was clearly listed in the Designation of Record and Issues on Appeal under "Second Order" as #145, "State Court Trial Transcript . . . designated as an exhibit by Appellees (see Docket No. 145 filed June 8, 2016, items 16 and 17) and admitted into evidence at the Hearing to Reopen Bankruptcy Case on June 27, 2016." (Dkt. # 8-6, at 6). Instead of the state court trial transcript, however, #145 is an Amended Witness and Exhibit List that identifies Exhibit 16 as "Electronic Record on Appeal [Cause No. DC-15-13561]" and Exhibit 17 as "Electronic Record on Appeal [Cause No. DC-06-03299]." (Dkt. # 8-1, at 95). In addition, Appellants contend that the Supplemental Record was referenced, as Exhibit 16, in a footnote of their motion for summary judgment and in the opposing party's response.

Furthermore, Appellants claim that the Supplemental Record is material because they are challenging the preclusive effect of the state trial court's findings of fact and conclusions of law on the bankruptcy court. Appellants argue that if this court finds that the state court's findings were not binding, the Supplemental Record would be the sole evidence of the underlying state court trial.

Although Appellants had the burden of providing an adequate record to review their claims on appeal, they did not file the Supplemental Record, a motion for leave to supplement the record, or otherwise indicate that the record was incomplete until several weeks after Appellee filed his Appellee's brief. After reviewing the documents purporting to designate the Supplemental Record and the record on appeal, the court finds that Appellants did not designate the Supplemental Record and that it was not considered by the bankruptcy court in the matters before the court. (Dkt. # 8-5,

3

at 11-13). Therefore, the Supplemental Record is not material and cannot be supplemented under Rule 8009(e). *See Robinson v. Sanctuary Record Grps. Ltd.*, 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (interpreting similar language in FED. R. APP. P. 10(e) as requiring the movant to "demonstrate that the evidence to be supplemented was before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record.").

## CONCLUSION

The court finds that the record on appeal should not be supplemented with the Excerpt and the Supplemental Record under Rule 8009(e). It is therefore ORDERED that Appellants' Motion to Supplement Record on Appeal with Four Page Excerpt from Hearing on June 27, 2016 (Dkt. # 31) is DENIED, Appellee's Motion to Strike Supplemental Record (Dkt. # 33) is GRANTED, and Dkt. #s 27, 28 shall be struck from the record.

So **ORDERED** and **SIGNED** September 25, 2018.

_____
Ron Clark, Senior District Judge